FILED
United States Court of Appeals
Tenth Circuit

December 15, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAULA LANDESS,

          Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

          Respondent - Appellee.

No. 09-9006

(United States Tax Court)

(Tax Court No. 20585-07L)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, SEYMOUR**, and **ANDERSON**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Petitioner and appellant Paula Landess appeals from an order and decision of the Tax Court upholding the determinations of the Internal Revenue Service ("IRS") Office of Appeals.  We affirm.

## BACKGROUND

Ms. Landess lives in New Mexico and, from February 2000 until the present time, has had a mailing address of P.O. Box 18, Santa Teresa, New Mexico 88008.  She did not file tax returns for the years 2000 through 2007.

On January 5, 2006, the IRS sent to Ms. Landess at her mailing address a notice of deficiency describing income tax deficiencies and penalties as follows:

| Year | Deficiency | § 6651(a)(1) | § 6651(a)(2) |
|------|-----------|--------------|--------------|
| 2000 | $71,747 | $16,143 | $17,937 |
| 2001 | $13,910 | $3,130 | $3,478 |
| 2002 | $23,238 | $5,229 | $4,415 |
| 2003 | $9,629 | $2,167 | $1,252 |

According to the Commissioner's motion for summary judgment, the deficiencies were based, in part, on her community property interest in the income of her husband, David E. Landess.[1]  The penalties were for failure to file tax returns (26

---

[1]Mr. Landess has an appeal currently before this court, which involves his challenge to the assessment of deficiencies and penalties for the same years. Landess v. Commissioner, No. 09-9006, ___ Fed. Appx, ___, 2009 WL _____, (10th Cir.    2009).  Mr. and Ms. Landess make identical arguments in their appeals.  We file our dispositions of these cases simultaneously.

U.S.C. § 6651(a)(1)) and for failure to pay tax (26 U.S.C. § 6651(a)(2)). Ms. Landess did not petition the Tax Court, and the IRS assessed the amounts stated in the above table.

On January 29, 2007, the IRS sent Ms. Landess a final notice of intent to levy, which also informed her of her right to seek a collection due process ("CDP") hearing before the IRS Office of Appeals regarding the 2000 through 2003 deficiencies and penalties. On February 1, 2007, the IRS filed a notice of federal tax lien against Ms. Landess for the same liabilities. On February 8, 2007, the fifth business day after the filing of the lien, the IRS timely sent Ms. Landess notice of the lien filing and of her right to a CDP hearing regarding the lien.

On February 23, 2007, the Appeals Office received a request from Ms. Landess for a CDP hearing regarding the proposed levy. Ms. Landess requested a face-to-face conference in the office nearest to her residence. She stated that she wanted to verify that the IRS had followed all legally required procedures, to challenge the underlying liabilities that the IRS had assessed (alleging that she had not previously had the opportunity to make such a challenge), and to discuss the collection alternatives available to her if the assessed amounts were correct. Ms. Landess also stated that she did not intend to raise any frivolous issues.

On March 8, 2007, the IRS received from Ms. Landess a timely request that a CDP hearing regarding the lien filing be combined with the already-requested hearing regarding the levy. Upon receipt of Ms. Landess's request, the IRS Appeals office sent to her a letter describing the CDP process. The letter informed Ms. Landess that the Appeals Office would not consider certain collection alternatives unless she had filed all required tax returns, was current on her estimated tax payments, and had provided a completed collection information statement. In response, Ms. Landess sought a face-to-face conference, claiming that she had not yet received a notice informing her of the underlying liabilities and allowing her to dispute them. Further, she demanded substantiation of the assessments against her.

The Appeals Office then scheduled a CDP conference for 11:00 a.m. on July 17, 2007, in Albuquerque, New Mexico, giving Ms. Landess the option of either a face-to-face or a telephone conference. The scheduling letter informed Ms. Landess that she could not dispute her income tax and related liabilities because she had received a notice of deficiency. See 26 U.S.C. § 6330(c)(2)(B). In response, Ms. Landess requested that the conference be moved closer to her residence. She continued to assert that she had not yet had the opportunity to dispute the liabilities, and to demand that the IRS provide evidence in support thereof. As it turned out, Ms. Landess failed to attend the conference either in person or by phone, and she did not respond to a follow-up letter giving her time

-4-

to make additional written submissions. The Appeals Office accordingly closed Ms. Landess's case.

On August 9, 2007, the Appeals Office sent Ms. Landess a notice of determination upholding the filing of the tax lien and the proposed levy. The notice informed Ms. Landess that she was not entitled to a collection alternative because she had not satisfied the filing, payment, and informational requirements therefor. The notice confirmed that a review of the best information available, including the IRS's computer records, indicated that all legal requirements had been met and that all administrative procedures had been followed. The notice further stated that a computer printout of Ms. Landess's transcript had been provided to her, and that the Appeals Office had ordered certified transcripts and would forward them to Ms. Landess upon receipt. The notice explained that Ms. Landess had not provided requested documents, had not attended the scheduled conference, and had not responded to the post-conference, follow-up letter. The notice stated that, because Ms. Landess had not pursued her CDP rights, the Appeals Office had determined that the lien filing and the proposed levy had properly balanced the need for efficient tax collection with Ms. Landess's legitimate concern that collection be no more intrusive than necessary.

In her amended Tax Court petition, Ms. Landess listed several criticisms of her CDP hearing, including that the Appeals Office had not allowed her to

challenge her underlying liabilities. She did not, however, raise any substantive issues regarding her liabilities.

The Commissioner moved for summary judgment, arguing that 26 U.S.C. § 6330(c)(2)(B) prevented Ms. Landess from challenging the existence or amount of her underlying liabilities because the Commissioner had mailed a notice of deficiency to her last-known address, at which she had received other IRS notices. The Commissioner stated that the IRS was not required to give Ms. Landess "verification" documents, but that the Appeals Office had, nevertheless, given her transcripts of her account. The Commissioner described the allegations in Ms. Landess's amended petition as "conclusory and without merit," and he noted that Ms. Landess had failed to satisfy the requirements for a collection alternative.

In her three responses to the Commissioner's motion for summary judgment, Ms. Landess primarily contended that the Tax Court should conduct an appellate proceeding, using an abuse-of-discretion standard, and limited to the record established during the administrative CDP hearing. Ms. Landess also argued that the Appeals Office should have provided her with substantiation for the assessments at issue and should have allowed her to challenge those underlying liabilities because she claimed she never received any notice of deficiency.

The Tax Court held a hearing on the Commissioner's motion, which Ms. Landess did not attend. Instead, she relied upon her written submissions.

The Tax Court rendered an opinion from the bench, stating that it would grant summary judgment to the defendant and upholding the collection actions. The court found that the Commissioner had issued a notice of deficiency to Ms. Landess, and that Ms. Landess could not challenge the existence or amount of her underlying liabilities. The court reviewed the administrative record and determined that the Appeals Office had not abused its discretion when it upheld the filing of the tax lien and the proposed levy. The court also noted that the Appeals Office had used transcripts to confirm the propriety of the assessment and the timely sending of appropriate notices informing Ms. Landess of her rights. The court further found that Ms. Landess had neither raised relevant issues nor complied with the requirements for a collection alternative, and it stated that the Appeals Office had properly balanced efficiency with intrusiveness. The court concluded that Ms. Landess had instituted this case to protest the tax system, and it warned her that she could be sanctioned up to $25,000 under 26 U.S.C. § 6673 if she advanced similar arguments in the future.

Accordingly, the Tax Court entered an order and decision granting summary judgment to the Commissioner, and stating that the IRS could proceed with the collection actions at issue. Ms. Landess moved to vacate, repeating

arguments that the court had already rejected.  The court denied Ms. Landess's

motion and this appeal followed.

Ms. Landess frames the issues on appeal as follows:

1.    Did Tax Court err in applying the wrong standard of review
      and conducting a trial *de novo*, rather [than] the judicial review
      of the administrative record?

2.    Did Tax Court err in granting the IRS' Motion for Summary
      Judgment?

Appellant's Br. at 1.


## DISCUSSION

We have carefully reviewed the entire record in this case, including all of

Ms. Landess's pleadings and submissions.  We cannot improve on the thorough

decision rendered by the Tax Court in its ruling from the bench on February 9,

2009.  Accordingly, for substantially the reasons stated in that decision, we affirm

the Tax Court's grant of summary judgment to the Commissioner.

Furthermore, as did the Tax Court, we find Ms. Landess's arguments to be

frivolous.  We caution Ms. Landess that she may be subject to sanctions if she

files further specious appeals relating to her taxes, penalties or interest for the

years addressed herein.

## CONCLUSION

We AFFIRM the decision of the Tax Court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge